## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VINCENT B. ANDERSON,
            Appellant,

            v.

OFFICE OF PERSONNEL
    MANAGEMENT,
            Agency.

DOCKET NUMBER
SF-0845-15-0852-I-1

DATE: December 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vincent B. Anderson, Madras, Oregon, pro se.

Kristopher L. Rogers, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that he had received an overpayment of disability retirement benefits under the Federal Employees' Retirement System (FERS) and that he

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

was not entitled to a waiver of the overpayment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective September 18, 1992, the appellant became a FERS disability retirement annuitant after separating from the Department of the Army. Initial Appeal File (IAF), Tab 8 at 5, 39, 54-56. In OPM's brochure entitled, "Special Notice to FERS Disability Annuitants," he was advised that, if he became eligible for disability benefits from the Social Security Administration (SSA) in the future, he had to immediately notify OPM and his disability retirement annuity would be reduced by a portion of the SSA disability benefits. *Id.* at 7, 33. OPM became aware that the appellant was approved for SSA disability benefits effective September 1, 2005. *Id.* at 5, 12, 22.

¶3 By letter dated March 18, 2015, OPM informed the appellant that it had adjusted his disability retirement annuity based on his entitlement to SSA disability benefits, and that he had received an annuity overpayment of $101,718 for the period between September 1, 2005, and February 28, 2015. *Id.* at 12-15.

OPM proposed to collect the overpayment in 471 installments of $215.87 and a final installment of $43.23. *Id.* at 15. The appellant made a Congressional inquiry, which OPM treated as a request for reconsideration of the overpayment notice. *Id.* at 5, 8-10. On September 3, 2015, OPM issued a reconsideration decision affirming its initial decision and finding that the appellant was not entitled to a waiver or adjustment of the overpayment. *Id.* at 5‑7.

¶4      The appellant filed a Board appeal of OPM's reconsideration decision and requested a hearing. IAF, Tab 1 at 1-6. He alleged that he was not awarded a disability retirement annuity, but instead received a reduced or partial retirement annuity. IAF, Tab 1 at 4, Tab 3 at 1, 4, Tab 11 at 2, Tab 13 at 1. He also argued that he was entitled to a waiver of the overpayment based on financial hardship. IAF, Tab 3 at 2-3, Tab 11 at 1, Tab 13 at 1. The administrative judge issued an order in which she informed the appellant of his burden of proving an entitlement to a waiver or adjustment of the overpayment. IAF, Tab 10 at 2-3.

¶5      After holding a hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision as modified to adjust the repayment schedule. IAF, Tab 21, Initial Decision (ID) at 1, 11. She found that the appellant was awarded a disability retirement annuity subject to an offset for SSA disability benefits, and that OPM proved the existence and amount of the overpayment. ID at 4-5. She further found that the appellant failed to prove that he was entitled to a waiver of the overpayment because, although he was without fault in causing the overpayment, OPM had advised him that his annuity must be reduced for any SSA disability benefits, and he failed to establish exceptional circumstances warranting waiver. ID at 5‑7. However, she found that he demonstrated financial hardship warranting an adjustment of the repayment schedule, and she set the repayment schedule to 806 monthly installments of $125 with a final installment of $104.52. ID at 7-11.

¶6        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 4.  The appellant has filed a reply to the agency's response.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence.[2]  *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a).    The appellant has the burden of proving by substantial evidence[3] that he is entitled to a waiver or adjustment of the overpayment.  *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. §§ 845.307(b), 1201.56(b)(2)(ii).  Recovery of an overpayment may be waived when the annuitant is without fault and recovery would be against equity and good conscience.  5 U.S.C. § 8470(b); *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. § 845.301.  Here, the agency conceded that the appellant was without fault in the creation of the overpayment.  ID at 5; IAF, Tab 10 at 1.  However, OPM policy provides that individuals who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment, and that in the absence of exceptional circumstances—which do not include financial hardship—recovery in these cases is not against equity and good conscience.  *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 6 (2012); IAF, Tab 8 at 72.

¶8        On review, the appellant requests that the overpayment be waived and that OPM return the amount already collected from him.  PFR File, Tab 1 at 1, Tab 5.  Although the appellant testified that he did not remember receiving OPM's notice

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[3] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree.  5 C.F.R. § 1201.4(p).

of the requirement to reduce his disability retirement annuity by SSA disability benefits, the administrative judge found, based on documents presented by OPM, that the appellant had conversations with OPM staff regarding his need to apply for SSA disability benefits. ID at 6; IAF, Tab 8 at 33, 51-53, Tab 19, Hearing Compact Disc (14:00-15:45). The appellant does not challenge this finding on review. Thus, we agree with the administrative judge's finding that the appellant failed to establish his entitlement to a waiver because he should have set aside the overpayments to repay the debt and did not show any exceptional circumstances. ID at 6-7; *see Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶ 7 (2002) (stating that, if an appellant is aware of the set-aside requirement, the collection of the overpayment cannot be waived absent exceptional circumstances, which does not include financial hardship).[4]

¶9        In his petition for review, the appellant repeats his claim that he received a reduced or partial retirement annuity instead of a disability retirement annuity. PFR File, Tab 1 at 1, Tab 5. To support this claim, he submits a letter from OPM dated March 29, 1993, rejecting his application for disability retirement.[5] PFR File, Tab 1 at 5-7. He also alleges that, when he turned age 62, OPM "removed the disability label and made [his retirement] a regular retirement." PFR File, Tab 5.

¶10       The record supports the administrative judge's finding that the appellant applied, and was approved, for disability retirement. ID at 4; IAF, Tab 8 at 5, 54‑56, Tab 15 at 20-22. Further, the appellant does not provide any support for his claim that OPM converted his disability retirement into a "regular" retirement

---

[4] The parties do not dispute, and we find no reason to disturb, the administrative judge's finding that OPM's recovery schedule would cause the appellant a financial hardship, or her adjustment of the repayment schedule. ID at 11; *see Dorrello*, 91 M.S.P.R. 535, ¶ 7 (considering that, even when waiver of recovery is not appropriate, the repayment schedule may be adjusted based on financial hardship); 5 C.F.R. § 845.301.

[5] This letter was part of the record below. IAF, Tab 20 at 4‑6.

when he turned age 62. Thus, under 5 U.S.C. § 8452(a)(2)(A), OPM was required to offset his disability retirement annuity by his SSA disability benefits. ID at 5; *see, e.g.*, *Noland v. Office of Personnel Management*, 80 M.S.P.R. 89, ¶ 2 (1998) (finding that an appellant's FERS disability retirement annuity benefits were subject to reduction based on his concurrent receipt of SSA disability benefits). Accordingly, we find that the administrative judge properly affirmed OPM's reconsideration decision as modified to adjust the repayment schedule.[6]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[6] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from his or her estate or other responsible party. A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child, or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the appellant's estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.